10-3631-cv
SunCal Communities I LLC, et al. v. Lehman Commercial Paper, Inc., et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 7th day of December, two thousand ten.

Present:    ROBERT D. SACK,
            ROBERT A. KATZMANN,
            GERARD E. LYNCH,
                        *Circuit Judges*,

─────────────────────────────────────────────────────

SUNCAL COMMUNITIES I LLC, SUNCAL COMMUNITIES III LLC, SCC/PALMDALE LLC, ACTON ESTATES LLC, SUNCAL BEAUMONT HEIGHTS LLC, SUNCAL EMERALD MEADOWS LLC, SUNCAL JOHANSSON RANCH LLC, SUNCAL BICKFORD RANCH LLC, SUNCAL SUMMIT VALLEY LLC, SEVEN BROTHERS LLC, KIRBY ESTATES LLC, SJD PARTNERS LTD., SJD DEVELOPMENT CORP., SCC COMMUNITIES LLC, NORTH ORANGE DEL RIO LAND LLC, TESORO SF LLC,

                        *Appellants*,

            - v -                        No. 10-3631-cv, 10-3643-cv

LEHMAN COMMERCIAL PAPER, INC., LEHMAN BROTHERS HOLDINGS INC., OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC., ET AL.,

                        *Appellees*.

─────────────────────────────────────────────────────

For Appellants:             SEAN A. O'KEEFE (Paul J. Couchot, *on the brief*), Winthrop Couchot, P.C., Newport Beach, CA

For Appellees Lehman Commercial Paper,        ALFREDO R. PÉREZ, Weil, Gotshal &
Inc. and Lehman Brothers Holdings Inc.:       Manges LLP, Houston, TX

For Appellee Official Committee of Unsecured  DENNIS C. O'DONNELL (Evan R. Fleck,
Creditors of Lehman Brothers Holdings Inc.:    Dennis F. Dunne, *on the brief*), Milbank,
                                              Tweed, Hadley & McCloy LLP, New York, NY

Appeal from the United States District Court for the Southern District of New York (Holwell, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants (collectively, "SunCal") appeal from the September 10, 2010 judgment, following an August 27, 2010 opinion, of the District Court for the Southern District of New York (Holwell, *J.*), affirming two bankruptcy court orders (1) approving the unwinding of a transaction between certain Lehman entities and third-party entities and (2) denying SunCal relief from the automatic stay arising from the bankruptcy filing of Lehman Commercial Paper, Inc. ("LCPI"). We assume the parties' familiarity with the facts and procedural history of the case.

We turn first to SunCal's appeal from the bankruptcy court's approval of the compromise ("Compromise Order") that unwound the so-called "Fenway structure." "On an appeal from the district court's affirmance of a bankruptcy court's order, we review the decision of the bankruptcy court independently, assessing its conclusions of law *de novo* and its factual findings for clear error." *In re Dana Corp.*, 574 F.3d 129, 144–45 (2d Cir. 2009). The bankruptcy court's approval of a settlement or compromise is reviewed for abuse of discretion. *In re Refco Inc.*, 505 F.3d 109, 116 (2d Cir. 2007) (citing *In re Iridium Operating LLC*, 478 F.3d 452, 461 n.13 (2d Cir. 2007)). SunCal challenges the Compromise Order on the ground that it functioned as an injunction that constrained SunCal's California bankruptcy proceedings. However, the

2

Compromise Order did not require or forbid any action by SunCal, nor did it necessarily have any effect on SunCal's bankruptcy proceedings. To the extent that the LCPI automatic stay might have an effect on the California proceedings, this is the inevitable result of proceedings involving two sets of debtors, each with their own automatic stay in place. Nothing in the Compromise Order itself mandated any sort of injunctive effect. Moreover, we find that SunCal does not raise a colorable argument that the bankruptcy court, in issuing the Compromise Order, applied incorrect legal standards, *see, e.g.*, *In re Iridium*, 478 F.3d at 462, relied upon clearly erroneous facts in its evaluation of the compromise, or otherwise abused its discretion.[1]

We accordingly turn to the second of the bankruptcy court's orders, which denied SunCal's motion for relief from the LCPI automatic stay. SunCal argues to this Court that the automatic stay does not apply to its equitable subordination action because subordination is merely part of the non-offensive claims allowance process, and therefore the lower courts erred insofar as they failed to rule that the stay did not apply. The Ninth Circuit Bankruptcy Appellate Panel ("BAP") has ruled that the LCPI stay applies to SunCal's equitable subordination action, which "seeks affirmative relief" and therefore violates the stay. *In re Palmdale Hills Prop., LLC*, 423 B.R. 655, 667 (B.A.P. 9th Cir. 2009). SunCal's appeal of the BAP ruling is currently pending before the Ninth Circuit, and the New York bankruptcy court explicitly stated that, because SunCal had "gone to the Ninth Circuit, . . . the Ninth Circuit is the place for this question to be decided." App'x 1760. We hold that the bankruptcy court acted within its

---

[1]SunCal also argues that the Compromise Order violated SunCal's automatic stay in the California bankruptcy court. However, we are in agreement with the district court that SunCal failed to preserve this argument — which was raised before the bankruptcy court in a one-sentence footnote — and therefore we need not address it on appeal. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 124 n.29 (2d Cir. 2005) (argument mentioned in one sentence in a brief is insufficiently preserved for appeal).

discretion in deferring to the Ninth Circuit on whether the stay applies and in declining without prejudice to lift the stay. We think, as did the district court, that in light of the fact that the Ninth Circuit might yet provide SunCal with the relief it sought in connection with the motion for relief from stay, it was reasonable of the bankruptcy court to defer to the Ninth Circuit in the first instance. Moreover, we note that at oral argument before us, counsel for appellees conceded that a decision by the Ninth Circuit that the LCPI stay does not apply to the equitable subordination action in California would moot SunCal's request for relief from the automatic stay arising from the LCPI bankruptcy in New York.[2] Because the very applicability of the stay is *sub judice* in the Ninth Circuit, we find no abuse of discretion in the bankruptcy court's decision not to lift the stay (which the BAP had ruled applied) at that time. *See In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990) (explaining the relevant standards). We therefore affirm the bankruptcy court's decision to decline to life the stay, pending the Ninth Circuit's decision, without prejudice to a further motion by SunCal following a ruling by the Ninth Circuit.

We have considered appellants' remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:<br>
CATHERINE O'HAGAN WOLFE, CLERK

---

[2]We do not reach whether this concession means that the Ninth Circuit's opinion would foreclose further determination of this issue by the New York bankruptcy court, especially in light of SunCal's concession before the New York bankruptcy court that the bankruptcy court may make the ultimate determination as to the scope of the LCPI stay. *See* App'x 1736, 1746; *see also In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 347–49 (2d Cir. 1985) (noting that the proper court for resolution of whether a stay applies depends on the circumstances of the case).